McKinney, J.,
delivered the opinion of the Court.
On tho 21st of July, 1856, the plaintiff obtained judgment, by motion, against Goodall, the Sheriff of Jackson county, and his sureties, before a Justice of said county, for $185,54, for the failure of his deputy to make return of a justice's execution, issued upon a judgment in favor of the plaintiff against one Settle. From this *31 judgment the defendants appealed to the Circuit Court. At the November Term of said Court, 1856, the death of Goodall, the Sheriff, was suggested and admitted. No other step appears to have been taken in the case until the July Term, 1858, when the defendant moved the Court to dismiss the motion. This motion was refused. And, thereupon, on motion of the plaintiff, a scire fa-cias was awarded against the administrator of said Goodall, to shew cause why said motion should not be revived against him.
The administrator appeared and demurred to the scire faciasand, on argument, the Court sustained the demurrer, and gave judgment that the motion be abated as to all the parties — the sureties as well as the principal.
On the foregoing facts two questions arise. Eirst: Did the Court err in holding that the motion could not be revived against the personal representative of the Sheriff? and, secondly, in holding that the motion stood abated as to the sureties.
We are of opinion that the judgment is right upon both points. 1st. It is well settled that, by the law as it stood prior to the act of 1858, ch¿ 39, this remedy by motion, did not extend to the personal representative of a deceased officer, or of his surety; and could not be maintained against either. Park v. Walker, 2 Sneed 503, and cases there referred to. 'But the law upon this subject has been changed by the act of 1858, which provides, in substance, - that in cases of motions against sheriffs, coroners, or constables, and their sureties, where the officer or either, of his securities shall die during the pendency of the motion, it may be re *32 vived against the personal representative of such officer, or security, in the same manner that suits are revived against personal representatives in other cases.
This act is supposed by the plaintiff’s counsel, to be applicable to the present case; and in holding otherwise it is insisted that the Circuit Judge erred. It is ^n^^éWught proper to discuss the question, whether it ^|v:qp]3C'1‘ip|if been competent for the Legislature to have ^givep, .theViaw a retrospective operation, as we feel very .clear that tVe act upon its face evidences no such in- ^ j tentioij, -aiidyis, therefore, upon a well established general principle, to be construed as applicable, only, to CiiSMSt^arising after its passage. And such, indeed, is the true import of the second section of the act.
2d. We think it equally clear, that the abatement of the motion as to the principal, of necessity worked an abatement as to the sureties also. We are aware of no decision of this Court upon this identical question; but the principle declared in the case of Balew v. Clark, 4 Hum. 505, by analogy fully maintains our conclusion. But if there were no authority to be found, in reason, it must be so. It is only through their principal, and jointly with him, that the securities can be reached at all. They cannot be proceeded against separately from him in this summary method. And any cause, founded either on matter of law, or fact, which precludes the party injured from proceeding, by motion, against the principal, personally, constitutes an insuperable barrier to such proceeding, against his securities.
It matters not that the motion was properly instituted against the sheriff and his securities, in the lifetime of the former; his death, pending the motion, ar *33 rests all further proceedings, and is an end of the case, under the law as it stood until the passage of the act of 1858. And, even under that- act, no step can be taken against the- securities until the motion shall have been revived against the personal representative of the principal.
Judgment affirmed.